# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ALAN L. HAYWARD,                     *
                                     *   No. 16-1539V
              Petitioner,            *   Special Master Christian J. Moran
                                     *
v.                                   *   Filed: February 1, 2019
                                     *
SECRETARY OF HEALTH                  *   Attorneys' fees; interim award
AND HUMAN SERVICES,                  *   appropriate; expert compensation
                                     *   not established
              Respondent.            *
* * * * * * * * * * * * * * * * * * * *
```

Richard H. Moeller, Moore, Heffernan, Moeller, Johnson, & Meis, LLP, Sioux City, IA, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

Alan Hayward's claim that an influenza vaccination he received caused him to suffer from Parsonage-Turner syndrome remains pending. In the meantime, he has filed a motion requesting an award of $128,916.09 in attorneys' fees and costs on an interim basis. Pet'r's Fee Mot. filed Sept. 6, 2018. For the reasons explained below, **Mr. Hayward is awarded $48,966.09.** Mr. Hayward may seek compensation that is not awarded in this decision in a motion for an award of attorneys' fees and costs filed at the end of the case.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). This means the decision will be available to anyone with access to the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

**Procedural History**

Mr. Hayward filed a petition claiming that the influenza ("flu") vaccination that he received in his left arm on November 20, 2013, caused a loss of strength and control in his left arm.  Pet., filed Nov. 17, 2016.  The Secretary filed a Rule 4 report recommending against awarding compensation on the basis that Mr. Hayward had not offered a medical theory or a logical sequence of cause effect connecting the flu vaccination to his injuries.  Resp't's Rep., filed June 3, 2017, at 13-14.

On August 3, 2017, an order was issued on the content of expert reports. Mr. Hayward filed the first reports from Lawrence Shields (exhibit 18) and Donald Marks (exhibit 20[2]) on October 27, 2017.  The Secretary filed a responsive report (exhibit A) from Timothy Vartanian on February 20, 2018, asserting that Mr. Hayward's appropriate diagnosis is cervical radiculopathies.

For the second round of expert reports, Mr. Hayward filed a report from Dr. Shields (exhibit 130) and Dr. Marks (exhibit).  Dr. Shields settled on a Mr. Hayward's diagnosis as Parsonage-Turner syndrome ("brachial neuritis").  The Secretary filed a responsive report from Dr. Vartanian (exhibit C).

On September 6, 2018, Mr. Hayward moved for an award of attorneys' fees and costs on an interim basis in the amount of $128,916.09.  In response, the Secretary deferred to the special master's discretion as to the appropriateness of an interim award and to the amount of any award.  Resp't's Resp., filed Sept. 19, 2018.  Mr. Hayward then filed a reply iterating his fees request and supplementing his motion with additional support.  Pet'r's Reply, filed Sept. 24, 2018.

During a November 29, 2018 status conference, the parties agreed that the submission of expert reports had concluded and were advised that the case might be decided on the briefs, without an entitlement hearing.  Order, issued Dec. 4, 2018.  An order was then issued establishing the briefing schedule.  Order, issued Jan. 18, 2019.  The parties are currently preparing their briefs.

**Analysis**

Broadly speaking, resolving the pending motion for an award of attorneys' fees and costs on an interim basis requires consideration of three issues.  The first is whether the petitioner is eligible for attorneys' fees and costs.  If the petitioner is

---

[2] An amended version of Dr. Marks' first report was filed as exhibit 125.

eligible, then the second issue is whether the petitioner should receive any attorneys' fees and costs at this time. The third question is, assuming that some award is appropriate, what constitutes a reasonable amount in this case.

## I.    Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs

Petitioners who have not yet been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). While the Secretary generally does not provide substantive responses to attorneys' fees and costs motions, he will occasionally oppose reasonable basis. Here, the Secretary has not opposed reasonable basis. Resp't's Resp. at 2. Given the lack of opposition from the Secretary, the undersigned finds that the reports from Drs. Shields and Marks satisfy the reasonable basis standard. In addition, the Secretary has not challenged good faith and the undersigned finds that Mr. Hayward has prosecuted his case in good faith. Thus, the initial requirements for an award of attorneys' fees and costs have been met.

## II.    Whether the Petitioner Should be Awarded Attorneys' Fees and Costs on an Interim Basis as a Matter of Discretion

After a finding of good faith and reasonable basis, the special master may exercise discretion in awarding attorneys' fees and costs on an interim basis. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), aff'd, 133 S.Ct. 1886 (2012)); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010) (ruling that special master acted within discretion in denying an award of attorneys' fees and costs on an interim basis). The Federal Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis. These include: "protracted proceedings," "costly experts," and "undue hardship." Avera, 515 F.3d at 1352. This list is illustrative, not exhaustive.

Mr. Hayward argued that an interim award was appropriate because the case had been pending (at the time of filing) for 22 months (now 26 months) and that an entitlement hearing would not likely be scheduled until at least June 2019 (at the time). Pet'r's Fees Mot. at 5-6. Mr. Hayward also pointed to the large amount of expenses already incurred, $128,916.09 ($46,181.00 in attorneys' fees, $81,911.65 in attorneys' costs, and $823.44 in Mr. Hayward's costs), as a justification for an

interim award.  <u>Id</u>.  Again, the Secretary has not opposed a discretionary award of interim fees and costs.  Considering the pendency of this case and the amount of attorneys' fees and costs already incurred, the undersigned finds that an interim award is appropriate.

## III.    Whether the Amount Requested for Attorneys' Fees and Costs is Reasonable

The final issue is determining the reasonableness of the request.

### A.    <u>Attorneys' Fees</u>

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.  Here, the lodestar yields a reasonable amount of attorneys' fees.  Thus, the analysis below centers on the two components of the lodestar formula — a reasonable hourly rate and a reasonable number of hours.

#### 1.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349.  There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  <u>Id.</u> 1349 (citing <u>Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.   However, Mr. Hayward has waived a claim for forum rates and only seeks compensation for his counsel's local rates.  <u>See</u> Pet'r's Reply at 3.  Thus, it is not necessary to perform an <u>Avera</u> analysis of whether Mr. Hayward's counsel should be awarded forum or local rates.

Mr. Hayward requests compensation for two attorneys, Richard Moeller and Nikki Nobbe (formerly Nikki Blazey), as well as the paralegals who assisted them, Melissa Jones and Ursula Runge.  Mr. Moeller charged hourly rates of $275 (2016-

4

2017) and \$285 (2018).  Ms. Nobbe (Blazey) charged hourly rates of \$180 (2016-17) and \$190 (2018).  The paralegals charged hourly rates of \$70 (2016-17) and \$75 (2018).  The 2016-17 rates for these professionals were previously found reasonable.  <u>Swick v. Sec'y of Health & Human Servs.</u>, No. 13-526V, 2018 WL 6009290, at \*7 (Fed. Cl. Spec. Mstr. Oct. 22, 2018) (citing <u>Bell v. Sec'y of Health & Human Servs.</u>, No. 13-709V, 2017 WL 1034481, at \*2 (Fed. Cl. Spec. Mstr. Jan. 31, 2017)).

For the increases in the hourly rates in 2018, Mr. Hayward submitted additional support.  Pet'r's reply & exhibits 135-38.  The undersigned finds the additional support to be adequate and the 2018 hourly rates to be reasonable.[3]

### 2.   Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In responding to the motion for an interim award of attorneys' fees and costs, the Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  <u>See McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018).

The timesheets for Mr. Moeller and his staff contain detailed descriptions for entries that allow for an evaluation of reasonableness.  Exhibit 133.  The number of hours requested are reasonable.

Therefore, **Mr. Hayward is awarded \$46,181.00 in attorneys' fees.**

### B.   Costs

In addition to seeking an award of attorneys' fees, the petitioner seeks an award for costs his attorney incurred, totaling \$81,911.65.  The bulk of the costs (\$79,950.00) is for the expert fees from Drs. Shields and Marks, which are discussed below.  Other than the expert costs, Mr. Hayward seeks reimbursement

---

[3] The undersigned notes that Mr. Hayward's counsel and staff have appropriately billed at reduced hourly rates for activities that do not merit their full rate.  Pet'r's Fee Mot. at 3-4 & exhibit 133.

for routine costs that his attorney incurred, such as the filing fee, medical records, and postage, in the amount of $1,961.65.

With respect to his own costs, Mr. Hayward seeks reimbursement in the amount of $823.44.  Mr. Hayward's personally incurred costs and the routine items are adequately documented and are awarded in full.  Exhibits 132 & 134.

The remaining items are for the expert fees of Dr. Shields ($63,750.00) and Dr. Marks ($16,200.00).  Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  The amounts requested here, for a brachial neuritis case that has not gone to hearing, far exceed the amounts typically awarded to experts in comparable cases.  See, e.g., Pember v. Sec'y of Health & Human Servs., No. 15-1005, 2018 WL 3989514 (Fed. Cl. Spec. Mstr. June 28, 2018) (awarding Dr. Kinsbourne $5,595); Winterfield v. Sec'y of Health & Human Servs., No. 15-933V, 2018 WL 2225178 (Fed. Cl. Spec. Mstr. March 9, 2018) (awarding Dr. Steinman $7,250).

These cases set neither a floor nor a ceiling.  However, they and other cases from the undersigned's experience in the Vaccine Program demonstrate that Mr. Hayward has requested awards that are magnitudes higher than typical for a case of this nature.

For his two experts, Mr. Hayward has not satisfactorily explained three of the four components of his request.  The one aspect that appears reasonable on its face is that Dr. Marks has requested compensation at a rate of $300 per hour.  However, Dr. Marks has not adequately explained the number of hours (54) for which he seeks compensation.  Exhibit 132 at 66, 92.

For Dr. Shields, Mr. Hayward has established neither a reasonable hourly rate nor a reasonable number of hours.  Dr. Shields is requesting an hourly rate of $500.  He has several decades of experience as a neurologist, like other neurology experts who have been awarded that rate.  However, unlike other neurologists who are typically awarded $500 per hour, Dr. Shields appears not to teach, at least not at a medical school.  His curriculum vitae also does not list any publications, indicating he does not perform research.  Exhibit 19.  He also does not have experience in testifying in the Vaccine Program.

The situation for Dr. Shields's number of hours is unclear.  On their face, Dr. Shields's invoices show that he has charged for more than 240 hours.  But, if Dr. Shields's hourly rate of $500 is held constant, then his self-reduced expert fee

of $63,750.00 translates to approximately 127.5 hours of work.  This already-reduced number is shocking — more than twice the number of hours Dr. Marks spent and Dr. Marks already seems to have spent an unreasonable amount of time.

Most of Dr. Shields's invoices are thoroughly detailed, even identifying the time spent reading each article.  See exhibit 132 at 49-61.  Some entries show a reasonable amount of time.  For example, Dr. Shields records that on August 3, 2017, he spent 15 minutes reading the Atanasoff article on SIRVA.  But, other entries are not reasonable.  For example, on August 1, 2017, he spent 45 minutes reading a three-page article by Dr. Waisbren.  He also spent 1.5 hours reading the Vaccine Injury Table and 1.5 hours on the National Vaccine Injury Compensation Program (entries for July 20-21, 2017).  These examples simply demonstrate a point that Mr. Hayward has already acknowledged — the amount of time Dr. Shields spent exceeded the normal amount of time.[4]  When Mr. Hayward resubmits invoices from Dr. Shields, Mr. Hayward is encouraged to explain which hours he thinks are reasonable and which hours he thinks are excessive.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa §15(e).  The undersigned GRANTS Mr. Hayward's motion and awards $46,181.00 in attorneys' fees, $1,961.65 in attorneys' costs, and $823.44 in Mr. Hayward's personally incurred costs for a total award of $48,966.09.  This shall be paid as follows:

   a. **A lump sum payment of $48,142.65 in the form of a check made payable jointly to petitioner and petitioner's attorney, Richard H. Moeller, for attorneys' costs on an interim basis available under 42 U.S.C. § 300aa-15(e); and**

   b. **A lump sum payment of $823.44 in the form of a check made payable to petitioner for his personally incurred costs on an interim basis available under 42 U.S.C. § 300aa-15(e).**

---

[4] Part of the reason academics who teach and perform ongoing research are reimbursed at a high hourly rate is that they are familiar with the medical literature and thus are much more capable of efficiently synthesizing that literature for the purpose of an expert report.

The Clerk shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

> s/Christian J. Moran
> Christian J. Moran
> Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgement by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.